UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                  Civil No. 12-cv-114-JD
                                       Opinion No. 2015 DNH 058

<u>Charles Limanni, et al.</u>

O R D E R

The United States of America brought suit to reduce to judgment income tax assessments against Charles Limanni and to foreclose the government's tax lien on real property in which Limanni holds an interest. The government also named Linda Limanni, the Town of Barrington, and Artella Chase as defendants. The government and the Town of Barrington have entered a stipulation, and default was entered against Artella Chase.

Trial was scheduled for December 3, 2013. Before trial began, the parties agreed to a continuance to allow time for Limanni to provide his records to the government for review and to determine whether the matter could be resolved. The parties made progress toward a settlement, resolving several issues, which left Limanni's unpaid tax liability for 1999 as the only remaining dispute. Limanni did not respond to the government's proposed judgment on the unpaid tax liability, and the government asked the court to set new scheduling dates for summary judgment and trial if necessary. The court set a date for filing a stipulated judgment, and a date for the government to move for summary judgment if the remaining issues were not resolved by November 4, 2014.

The government has moved for summary judgment on the Limannis' tax liability for 1999 and for an order of sale of the Limannis' property in Barrington, New Hampshire, to satisfy the tax liens on the property. Charles Limanni filed a response to the motion for summary judgment in which he disputes the amount that the government asserts is owed.[1] The government filed a reply in which it addressed the issues Limanni raised in his objection.

After reviewing the parties's filings, the court directed the government to file a supplemental memorandum to address the calculation of the tax liability. Specifically, the court noted that the government had agreed to accept the income and deduction figures on Limanni's 1999 tax return but then did not accept the amount of tax owed on the return, creating an ambiguity as to the actual tax liability. The government has filed a supplemental memorandum, and Limanni filed a response.

## Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party.

---

[1] To the extent Charles Limanni raises issues about his real estate taxes, the size of the property he owns in Barrington, and any dispute with the Town of Barrington, those matters are not properly before the court and will not be considered here.

Foodmark, Inc. v. Alasko Foods, Inc., 768 F.3d 42, 47 (1st Cir. 2014). "A genuine issue of material fact must be built on a solid foundation--a foundation constructed from materials of evidentiary quality" so that "conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported motion for summary judgment." Garcia-Gonzalez v. Puig-Morales, 761 F.3d 81, 87 (1st Cir. 2014). In response to a properly supported motion for summary judgment, opposing parties must provide competent record evidence that shows there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Mosher v. Nelson, 589 F.3d 488, 492 (1st Cir. 2009).

## Background

Charles and Linda Limanni did not file income tax returns for the years 1999 through 2003 when they were due. After the IRS investigated Charles Limanni's income liability, the IRS made assessments against him for 1999 through 2003. When Limanni failed to pay the amounts assessed, the government brought this action to enforce the tax lien against property owned by Charles and Linda Limanni.

In response to the suit, the Limannis provided their joint tax returns for the years of 1999 through 2003. The government examined the returns and agreed to accept the figures reported for income and deductions and to adjust the previous tax

3

assessments based on the returns.  Based on the returns and the government's examination, the government determined that the Limannis have a remaining joint tax liability for 1999, which was $48,970.77 as of November 10, 2014, with interest continuing to accrue.

Charles and Linda Limanni acknowledge that they filed joint tax returns and are jointly liable for the 1999 tax liability. Limanni calculated their remaining 1999 tax liability, after subtracting claimed credits, refunds, and payments, at $4,096.00. In response, the government contends that the Limannis are mistaken about the applicable amount from the 1999 tax return and disputes the additional refunds, interest, and credits that Limanni claims.

## Discussion

The government moves for summary judgment that the Limannis' tax liability for 1999, with interest and penalties, was $48,970.77 as of November 10, 2014, and seeks an order of sale of the Limannis' property located in Barrington, New Hampshire. Charles Limanni objects to the tax liability assessed by the government, arguing that the government failed to accept his tax records for 1999 as was agreed, that the government failed to credit the full amount of refunds with interest, and that the government's calculation did not credit a penalty assessed in

2003 that has been paid.² Limanni represents that the total amount of tax liability remaining is $4,096.00. In its reply, the government addressed each issue raised by Limanni and explained the calculation of the tax liability.

Tax assessments by the IRS are presumed correct. Hostar Marine Transport Sys., Inc. v. United States, 592 F.3d 202, 208 (1st Cir. 2010). For that reason, taxpayers who challenge the IRS's assessment of a tax deficiency bear the burden of proving that it is erroneous. Id. In addition, "[i]t is well-established that tax assessments pursuant to [IRS] Form 4340 are presumed correct and therefore obligates the taxpayer to provide sufficient evidence to contradict the tax liability." United States v. Hughes, --- F. Supp. 3d ---, 2014 WL 4536291, at *2 (D. Mass. Sept. 15, 2014).

A.  Tax Records

Limanni argues that the government improperly used $20,613.00 as the amount owed for 1999 when the Limannis' tax records showed that he and Linda owed $19,014.00 for 1999. He argues that because the government agreed to accept his tax records it is bound by that agreement and cannot provide a different number to calculate his tax liability. In response, the government asserts that the $20,613.00 amount is correct.

The Limannis' tax return for 1999 shows a total tax amount

---

²Charles Limanni is proceeding pro se. Linda Limanni is not represented and has not appeared pro se.

of $20,613.00. Following that entry, the Limannis deducted $1,796.00 for taxes withheld, leaving a tax amount owed of $19,014.00.

As is shown on the certificate of assessments and payments, IRS Form 4340, the government calculated the base amount of tax liability for 1999 by starting with the amount of taxes assessed by the IRS on February 13, 2006, which was $36,661.00. The government then granted the Limannis a tax abatement of $16,048.00 on July 28, 2014, when the government agreed to accept the income and deduction figures reported on the Limannis' 1999 return. The abatement made the assessed amount $20,613.00, which is the "total tax" amount shown on the Limannis' 1999 return at line 56, before that amount was adjusted for withholding. After the federal tax withheld was deducted, the tax return shows at line 68 that the Limannis owed taxes in the amount of $19,014.00.

The government's explanation for not accepting the $19,014.00 figure as the amount of taxes owed is as follows. During the examination process that resulted in the calculation of the tax assessment of $36,661.00 for 1999, the government deducted $1,796.00 for federal taxes withheld. Therefore, the government contends, the assessment of $36,661.00 included the deduction of $1,796.00. When the government agreed to accept Limanni's tax calculations, the government now explains, it meant it would accept the gross calculation of tax liability, $20,613.00, not the net amount due after the deduction for withholding, $19,014.00. The government argues that it could not

Case 1:12-cv-00114-JD Document 60 Filed 03/23/15 Page 6 of 11

of $20,613.00. Following that entry, the Limannis deducted $1,796.00 for taxes withheld, leaving a tax amount owed of $19,014.00.

As is shown on the certificate of assessments and payments, IRS Form 4340, the government calculated the base amount of tax liability for 1999 by starting with the amount of taxes assessed by the IRS on February 13, 2006, which was $36,661.00. The government then granted the Limannis a tax abatement of $16,048.00 on July 28, 2014, when the government agreed to accept the income and deduction figures reported on the Limannis' 1999 return. The abatement made the assessed amount $20,613.00, which is the "total tax" amount shown on the Limannis' 1999 return at line 56, before that amount was adjusted for withholding. After the federal tax withheld was deducted, the tax return shows at line 68 that the Limannis owed taxes in the amount of $19,014.00.

The government's explanation for not accepting the $19,014.00 figure as the amount of taxes owed is as follows. During the examination process that resulted in the calculation of the tax assessment of $36,661.00 for 1999, the government deducted $1,796.00 for federal taxes withheld. Therefore, the government contends, the assessment of $36,661.00 included the deduction of $1,796.00. When the government agreed to accept Limanni's tax calculations, the government now explains, it meant it would accept the gross calculation of tax liability, $20,613.00, not the net amount due after the deduction for withholding, $19,014.00. The government argues that it could not

credit the withholding deduction taken on the 1999 tax return because that would result in the Limannis getting credit twice for the amount of the withholding.

At this stage, it appears the government's position is that, regardless of what it agreed to initially or how the agreement might be interpreted, it will only accept the gross amount of taxes as entered on line 56 of the Limannis' 1999 tax return, which is $20,613.00. Based on the $20,613.00 gross tax liability stated in the 1999 return, the government abated the tax assessment from $36,661.00 to $20,613.00 and assessed the tax liability with penalties and interest based on that amount. Given the presumption in favor of the government's tax assessment and the circumstances of the abatement, $20,613.00 is the amount of the tax liability accepted from the Limannis' 1999 tax return.

B.  Credits for Overpayments Claimed for 2000, 2001, and 2002

Limanni claims that the government owed him refunds for tax overpayments in 2000, 2001, and 2002. He contends that the government erred in failing to give him credit for those amounts against the total tax assessed for 1999. In response, the government explains that the Limannis were not entitled to credit for any overpayment of taxes in those years because they did not make a timely claim to have those amounts credited to them.

"In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment including any interest allowed thereon, against any

liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e), and (f) refund any balance to such person." 26 U.S.C. § 6402(a).  The limitation period for filing a refund claim is three years from the date of the tax return or two years from the time the tax was paid.  26 U.S.C. § 6511(a).  In addition, a taxpayer can claim a refund only for "the portion of the tax paid within the three years immediately preceding the refund claim . . . ."  Dickow v. United States, 654 F.3d 144, 146 (1st Cir. 2011) (citing § 6511(b)(2)(A)).  For purposes of § 6511(b)(2)(A), taxes "are 'paid' on the due date of the taxpayer's income tax return."  Baral v. United States, 528 U.S. 431, 432 (2000).

In this case, the Limannis did not file timely returns for 2000, 2001, and 2002.  The government assumes that the tax returns the Limannis filed in June of 2012 for 2000, 2001, and 2002, would qualify as refund claims for those years.  To the extent the Limannis overpaid taxes for those years, those amounts were deemed paid on due dates of their tax returns for those years, that is April of 2001, 2002, and 2003.  The Limannis did not make a claim for overpayment credit, however, until June of 2012.

Applying § 6511(b)(2)(A), the Limannis could not recover credit for taxes paid more than three years before June of 2012.  See Oropallo v. United States, 994 F.2d 25, 26-27 (1st Cir. 1993).  Because the claim was made in June of 2012 but the taxes

8

were overpaid in 2001, 2002, and 2003, the Limannis waited too long to claim credit for overpayment.  Therefore, § 6511(b)(2)(A) bars the overpayment credit that Limanni claims.

C.   Interest on Refunds for 2008 through 2013

Limanni contends that the government erred in failing to include interest on the tax overpayments made in 2008 through 2013 in the credits allowed.  Generally, the government pays interest on overpayments of taxes.  26 U.S.C. § 6611(a).  Interest is not paid, however, when a credit for the overpayment is applied to satisfy a prior tax deficiency.  26 U.S.C. § 6611(b).

The government shows that the tax overpayments in the years 2008 through 2013 were credited toward the Limannis' tax underpayments for prior years.  For that reason, the Limmanis were not entitled to interest on their tax overpayments.

D.   Enforcement of the Lien

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321.  The tax lien arises on the

9

state of the tax assessment and continues until the tax liability is paid.  26 U.S.C. § 6322.

    The transcript of the Limannis' taxes for 1999, form 4340, shows a balance of $39,569.24, and the account transcript, form 1040A, shows a balance with accrued interest as of November 10, 2014, of $48,970.77.  The transcript shows that the Limannis were first notified of a balance due on March 20, 2006, and received subsequent notices in 2008 and 2014.  The Limannis have not paid the amount owed.  Therefore, the government has a valid lien on the Limannis' real property located at 674 Route 202, Barrington, New Hampshire, for the Limannis' tax liability of $48,970.77, plus interest that has accrued after November 10, 2014.


## Conclusion

    For the foregoing reasons, the government's motion for summary judgment (document no. 52) is granted.

    Charles and Linda Limanni have an unpaid tax debt of $48,970.77, plus additional interest accruing after November 10, 2014.  A tax lien for that amount has attached to the Limannis' real property located at 674 Route 202, Barrington, New Hampshire.

    Judgment is entered in favor of the government and against Charles Limanni in the amount of $48,970.77, plus additional interest accruing after November 10, 2014.

    The government shall file a motion for an order of sale of the property pursuant to 28 U.S.C. § 2001 or 26 U.S.C. § 7403, or

both, to address the terms and conditions of the sale and the distribution of the proceeds of the sale.

    SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

March 23, 2015

cc:   Thomas P. Cole, Esq.
      Steven M. Witley, Esq.
      Charles Limanni, pro se
      Linda Limanni